IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MARYLAND


UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
     vs.                           )
                                   ) CRIMINAL NO.: MJG-12-0136
JOEL STEVENS,                      )
                                   )
          Defendant.               )
                                   )
_____)


Excerpted Transcript of Proceedings
Before the Honorable Marvin J. Garbis
Friday, October 26th, 2012
Baltimore, Maryland


For the Plaintiff:

     Mark W. Crooks, AUSA


For the Defendant:

     Howard L. Cardin, Esquire


Also Present:  Nikki Martin, U.S. Probation

               Special Agent Rachel Corn, FBI

_____

Christine T. Asif, RPR, FCRR
Federal Official Court Reporter
101 W. Lombard Street, 4th Floor
Baltimore, Maryland 21201

1                        EXCERPTED PROCEEDINGS

2              THE COURT:  You should stand.  This is a sad, sad

3    situation.  Of course, I appreciate Mr. Stevens' statement.  I

4    think it reflects that he is a deep thinker, who is searching

5    after truth within himself to find the reasons for why he did

6    what he did to guide him afoul of the legal system.  And to

7    find peace within himself.  This is not appropriate situation

8    for anybody to be lecturing to Mr. Stevens.  I understand his

9    rationale, his thought, and his genuine remorse.

10             I do believe this is a serious offense.  And I take

11   into account the factors of Section 3553(a).  It is serious, I

12   do not think that there is a likelihood of recidivism for Mr.

13   Stevens.  I think he needs peace and he is very, very

14   introspective.  I do think that this is an appropriate case to

15   vary from the guidelines system.  It is a very positive factor

16   that the prosecution agrees with that.  And I do think that

17   the sentence that is under the sentencing guidelines is a

18   sentence that is within the range of reason, that it would be

19   affirmed if it's brought to the Court of Appeals.  Therefore,

20   the sentence I will impose is the one that was agreed upon.

21   So that the sentence is 48 months with credit for time served.

22             Supervised release period is life, which is

23   appropriate.  And some of these conditions are required by

24   virtue of the circumstances.  But in any event, the conditions

25   of release would be that the defendant shall participate in

1    any mental health treatment program approved or directed by

2    the probation officer, that could include evaluation,

3    counseling, testing.  The same thing with regard to any

4    substance abuse program, although, I have not specifically

5    heard here about a substance abuse problem.  That should be a

6    condition of supervised release.

7          The defendant should not use a computer system,

8    internet capable device, or similar electronic device at any

9    location without prior approval of the probation officer.  And

10   shall cooperate with the probation officer in regard to

11   monitoring and enforcing compliance with this.

12         The defendant is required to comply with the

13   requirements of the Sex Offender Registration and Notification

14   Act.  And that's 42 U.S.C. Section 16901, et seq., and as

15   directed by the probation officer and the Bureau of Prisons or

16   any state registration agency applicable to a place where he

17   resides or is a student, or was convicted of a qualifying

18   offense.

19         Also, the defendant shall have no contact with

20   persons under the age of 18 unless approved by the U.S.

21   probation officer.  Although, I do not see a reason to think

22   that the defendant would do it, the condition of supervised

23   release requires a defendant not to congregate or loiter near

24   schools, parks, playgrounds, arcades or other places

25   frequented by children under the age of 18, unless approved by

the probation officer.  If there is unauthorized contact with

persons under the age of 18, even inadvertently, they must be

reported to the probation officer within 24 hours.  This does

not relate to people under 18 with whom the defendant would be

contacting in regards to ordinary and usual commercial

services, such as to buy something or to sell something in a

store.

          Also, the defendant must cooperate in the collection

of DNA as directed by the probation officer.

          There's no fine.  There is a special assessment of

$100 which is mandatory.

          Mr. Cardin, is it feasible to have that paid soon?

          MR. CARDIN:  It is, Your Honor.  In fact, I have

been provided with a check so that we can have that paid

immediately.

          THE COURT:  So that would be paid immediately.  All

right is there anything else with regard to sentencing.

          MR. CROOKS:  Your Honor, two quick matters.  First,

at this time the government's moving to dismiss the top count,

which is Count 1 of the indictment.  In addition to that, the

plea agreement contemplates forfeiture.  I'm remiss, Your

Honor, in that I didn't come with a forfeiture order, but with

the Court's leave I'll file that with Your Honor through

Pacer.  And it will just reflect the items that are mentioned

in the plea agreement.

1    THE COURT:  Mr. Cardin, is that agreeable?

2    MR. CARDIN:  It is, Your Honor.

3    THE COURT:  All right.  And the last thing I would

4    say formally is that in the event that somebody would want to

5    have appellate review of what I've done, and I'm not

6    questioning the fact that there's waivers in the plea

7    agreement, et cetera, with regard to any appellate rights.  In

8    any event, if for any reason, there's a need, somebody wants

9    an appellate review, it's got to be filed within 10 days of

10   the entry of judgment.

11   So this is just after -- if Mr. Cardin is directed

12   to file a notice of appeal by his client he must file it,

13   whatever he thinks of the action.  And write a letter to the

14   client, Mr. Stevens, saying I filed the notice of appeal.  I

15   just say that because I'm required to say that in every case.

16   So if there's a request for an appeal, and it's not filed and

17   there's no letter within a week, just write the clerk of the

18   Court and we'll take care of it.

19   MR. CARDIN:  I understand.  Your Honor, I have

20   several comments or requests to make of the Court on behalf of

21   my client.

22   THE COURT:  Yes.

23   MR. CARDIN:  First, we are requesting that the Court

24   recommend that my client be incarcerated at the institution in

25   Cumberland.  We are trying to keep him as close, if you will,

```
 1    to home as possible.

 2              THE COURT:  Very well.

 3              MR. CARDIN:  There is --

 4              THE COURT:  Mr. Thompson, that should be in the

 5    judgment.

 6              MR. CARDIN:  And I think --

 7              THE CLERK:  Did you say Cumberland?

 8              MR. CARDIN:  Cumberland, yes.

 9              MR. CARDIN:  I'm also requesting the Court rather

10    than --

11              THE COURT:  Are we talking -- I think of it as

12    Hagerstown, but it's Cumberland?  We're talking about the

13    right place.

14              MR. CARDIN:  It's Cumberland.

15              THE COURT:  All right.

16              MR. CARDIN:  And No. 2, Your Honor, the presentence

17    report is rather detailed with regard to my client's substance

18    abuse history, we would ask the Court to recommend the 500

19    hour RDAP program.

20              THE COURT:  Yes, I will.  I misspoke, I hadn't

21    considered that.

22              MR. CARDIN:  All right.

23              THE COURT:  That recommendation is made.

24              MR. CARDIN:  And the third comment I make, Your

25    Honor the Court may recall there was some comment about it at
```

1   the time of the taking of the plea.  Under the case of *United*

2   *States versus Hernandez-Santiago*, which is a 2nd Circuit

3   Court, 92 F.3d 97, and followed at times by Judge Motz, and I

4   will tell the Court that, that the fact that a person has been

5   in pretrial custody at a maximum security institution, ones

6   which lack proper ventilation, educational and recreational

7   programs, libraries, poor food, poor sanitation, and I can go

8   on and on.  My client alluded to the fact that the Chesapeake

9   Detention Facility should be closed.  We're suggesting to the

10  Court that my client should be given credit or additional

11  credit against his sentence because of the intolerable

12  situation that he along with others are forced to suffer

13  during pretrial detention.

14          THE COURT:  Mr. Cardin, first of all, how long was

15  he so incarcerated?

16          MR. CARDIN:  It's six months, Your Honor.

17          THE COURT:  All right.

18          MR. CARDIN:  And I would point out he initially was

19  released, and then because of third-party custodian issues he

20  was taken into custody.  Correct?

21          MR. CROOKS:  That's correct.  And, Your Honor, I

22  don't know if Your Honor's entertaining this, but I hope it

23  goes without saying that the government opposes this.  Almost

24  every case they have a defendant, you know, is subject to the

25  same -- the same conditions.

1          Indeed, sometimes when a defendant agrees to serve

2     in assistance to the government, to pursue other

3     investigations, they actually end up spending a longer period

4     of time at Chesapeake Detention Facility, formerly Supermax,

5     for a longer period of time than it would ordinarily take to

6     reach BOP, where most people, I guess, agree that the

7     conditions are better.  And even in that instance, in fact,

8     I'm thinking of a case that's actually pending before Your

9     Honor where that's true, even in that case we don't move to

10    agree to extend extra credit or extra time based on pure

11    speculation about conditions, absent a hearing, where we have

12    to put on facts and hear about specific harms that this

13    particular defendant has undergone.  So, Your Honor, the

14    government strongly opposes the motion.

15          MR. CARDIN:  Your Honor, may I just respond here and

16    then I'll leave it?

17          THE COURT:  Yes.

18          MR. CARDIN:  It is my recollection that this issue

19    was part of the plea negotiations and the government would not

20    oppose this request.

21          THE DEFENDANT:  That is correct.

22          MR. CROOKS:  Your Honor, paragraph 10 of the plea

23    agreement, I feel like I got hit with a left hook in the chin

24    here.  Mr. Cardin called me on the eve of the plea agreement

25    and said can we just make sure in writing that he gets credit

1    for the time served at CDF.  And that's what I understood that

2    to be.  And unequivocally someone did.  But I understood that

3    was so he could show his client that his client would be given

4    credit for federal time, which is different from, of course,

5    state custody where the defendant also briefly spent a period

6    of time when he was arrested after this case.  And that, of

7    course, would be another matter if we agreed to pull that in.

8    But the plea agreement contemplates simply that he be given

9    credit.  And I don't think anyone's denying that.  And that's

10   what the plea agreement contemplated, Your Honor.

11          MR. CARDIN:  And I'll respond that we discussed it

12   in open court.  And I'll leave it at that, Your Honor.

13          THE COURT:  All right.  Let's put it this way:  I

14   recognize the issue.  The one thing that I think I would do is

15   something that I do routinely, and at least when requested,

16   that in as much as the defendant served a period of time in

17   pretrial detention, and which in effect means he does not have

18   the ability to earn good time credit for that period, as I

19   believe I've done in virtually every case I've had, in effect

20   I think he gets the good time credit, and if he served six

21   months the good time credit is more or less it's 54 days a

22   year.  So that's more or less 15 percent.  It's rounded off to

23   a month.  The sentence would be 47 months taking that into

24   account, not 48 months.

25          MR. CARDIN:  Thank you, Your Honor.

1      THE COURT:  All right.  I mean, but that's under the

2  circumstances.  All right.  Thank you.

3      THE CLERK:  You're giving him credit for time served

4  in federal custody?

5      THE COURT:  Well, it's credit for time served, but

6  the sentence is 47 months not 48 months.

7      THE CLERK:  Okay.  I need to know how much time you

8  give him credit for if you want that in the JNC.

9      THE COURT:  When did he start?

10      THE CLERK:  That's what I mean.

11      THE COURT:  A matter of record.

12      MR. CARDIN:  I think it was May 1st.

13      MR. CROOKS:  Right.  The very beginning of May.  But

14  I understand it's still a 48-month sentence, Your Honor.  Your

15  Honor's just saying that the same 15 percent credit, it would

16  be afforded if, say, that were all time in BOP post-trial he's

17  eligible for, but we're not reducing his sentence.

18      THE COURT:  No, no, no the sentence is 47 months not

19  48 months, because he can't get that credit.

20      MR. CROOKS:  Oh, I see.

21      THE COURT:  That's all.  But the credit --

22      MR. CROOKS:  I understand.

23      THE COURT:  He can't get the good time.  But the

24  credit is for whatever time he was in custody, which is some

25  amount.

```
1          MR. CROOKS:  I understand.  So you've reduced it by

2    a month to be tantamount to what he would have gotten --

3          THE COURT:  Yes.

4          MR. CROOKS:  I understand.  So it's a 47-month

5    sentence.

6          THE CLERK:  I still need to know the date.

7          MR. CROOKS:  May the 2nd.

8          THE COURT:  The 48 is corrected to 47.

9          THE CLERK:  May 2nd?

10         MR. CROOKS:  I believe that, or May 3rd actually, is

11   the day I have.

12         MR. CARDIN:  We would agree to May 3rd.

13         THE COURT:  All right.  Thank you.

14         (The proceedings were concluded.)

15
           I, Christine Asif, RPR, FCRR, do hereby certify that
16   the foregoing is a correct transcript from the stenographic
     record of proceedings in the above-entitled matter.
17
                    _____/s/_____
18                      Christine T. Asif
                        Official Court Reporter
19

20

21

22

23

24

25
```