IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    *

     vs.    *   CRIMINAL NO. MJG-12-0136

JOEL STEVENS    *

*   *   *   *   *   *   *   *   *

<u>MEMORANDUM AND ORDER</u>

The Court has before it Defendant's Motion to Terminate Supervised Release [ECF No. 35] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On November 2, 2012, the Court sentenced Defendant Joel Stevens to 47 months of incarceration and a lifetime term of supervised release upon his conviction of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The conditions of supervised release included "mental health and substance abuse treatment programs approved by USPO, restrictions and monitoring of the use of computers and Internet-capable devices, compliance with the Sex Offender Registration and Notification Act, and restrictions against contact with minors." Gov.'s Opp. at 3, ECF No. 37. <u>See also</u> Judgment, ECF No. 22.

Supervision commenced on September 24, 2015 [ECF No. 25]. On September 29, 2015, upon the request of USPO, and with the Defendant's agreement, the Court added participation in a sex offender treatment program as a condition of supervision [ECF No. 25].

Defendant Stevens has filed the instant motion seeking to obtain the termination of his supervised release so that he can participate in religious (Buddhist) activities which, for him, involves travel "all over the United States as well as Europe and Asia." Def.'s Mot. ¶ 5, ECF No. 35.

Pursuant to 18 U.S.C. § 3583(e)(1), the sentencing court may, in its discretion, terminate a term of supervised release after one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" In doing so the court considers the terms of 18 U.S.C. § 3553(a) as well as the sentencing guidelines and policy statements. 18 U.S.C. § 3583(e). Although the case law remains unsettled, some courts have said that "early termination of supervised release" is a "rarely-granted" form of relief, and the burden rests with the defendant to show that early termination is warranted by the circumstances. United States v. Emmett, 749 F.3d 817, 824 (9th Cir. 2014).

The Government opposes the motion on the basis that Defendant Stevens, having served only 28 months of supervised release, has not even completed the 5 year statutory minimum term of supervised release. But see United States v. Spinelle, 41 F.3d 1056, 1060 (6th Cir. 1994) (explaining that the statutes mandating a specific sentence of supervised release and the statute authorizing the termination of a prior imposed sentence are "not in conflict" and

that a district court has discretionary authority to terminate a supervised release term even if the mandatory term has not been served).

The Court need not resolve the issue herein. However, it does recognize that the 5 year mandatory minimum indicates a Congressional determination that even if not binding, is entitled to respect and should not be ignored absence a clearly appropriate reason. The Defendant does not present clearly appropriate reasons to fail to comply with the Congressionally mandated five year term.

The Court has respect for the Defendant's religious beliefs and his fervor to serve "in the promotion of Buddhism as well as movements for peace." Def.'s Mot. ¶ 6, ECF No. 35. It appears that his supervised release conditions may interfere with his desire to travel throughout this country and others in connection with religious matters. However, it also appears necessary to ensure that the Defendant is afforded all assistance and programs possible to promote his complete recovery.

The Defendant must proceed with his supervised release conditions. He should work with the Probation Officer and seek to obtain a recommendation for termination at the conclusion of the five year mandatory minimum supervised release term.

Accordingly:

1. Defendant's Motion to Terminate Supervised Release [ECF No. 35] is DENIED.

2. This action is without prejudice to renewal of the motion following the successful conclusion of the five year mandatory minimum term of supervised release.

SO ORDERED, this Tuesday, February 13, 2018.

/s/
Marvin J. Garbis
United States District Judge