IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. 12-0136 |
| JOEL STEVENS | * | |
| Defendant | * | |

\*\*\*
## MEMORANDUM AND ORDER

Now pending is the Defendant's MOTION TO TERMINATE SUPERVISED RELEASE (ECF No. 40). The Government has responded (ECF No. 42) and the Defendant has replied (ECF No. 43).

The Defendant was sentenced by a Judge of this Court who has since retired and left the bench. The matter has been transferred to the undersigned.

The Court has carefully reviewed the record in this case, including the most recent submissions. The Court acknowledges the sentencing judge's hope that the Defendant would receive treatment and eventually achieve rehabilitation. The record reflects that the Defendant completed his term of incarceration without incident and has now served over five years on supervised release without violation. The Defendant has undertaken treatment designed to address his issues as a sex offender, and he has established an excellent and productive relationship with his United States Probation Officer. The Court commends the Defendant on his progress.

In deciding whether to terminate a supervised release term early, the Court is required to consider the various factors cited by the parties. Most significant in this case is the nature and circumstances of the underlying offense. The Defendant had amassed a significant trove of illegal

pornographic images depicting children who were subject to extreme abuse. The Defendant's crime was rooted in a sexual appetite which, when acted upon, brought great harm to children. The Court is unaware of evidence that this Defendant ever abused a child by his own hands, but in accumulating and trafficking in child pornography he played an indirect role in causing children to be sexually abused. Those who acquire and traffic in such contraband create the market for the same, and that market, of course, causes the material to be manufactured in the first place. And, that manufacture by definition results in the abuse of children. Acquiring, storing, and trafficking in child pornography is undoubtedly a gravely serious offense.

The nature and circumstances of the offense, coupled with the Defendant's demonstrated criminal sexual appetite, at least at the time of the offense, warrants his surveillance for a long, long time, even in the face of evidence of his progress and recovery. The harms experienced by children who are depicted in child pornography are extreme, and they warrant extraordinary efforts to protect potential future victims. Accordingly, the Motion (ECF No. 40) is DENIED. The denial, of course, is without prejudice to consideration of a similar motion filed years in the future when the Defendant may be able to demonstrate an even more lengthy track record of recovery and rehabilitation. This is not to suggest that such a future motion would be granted; only that a lifetime of supervised release is undeniably burdensome and, accordingly, warrants periodic review.

Dated this ___1___ day of ~~November~~ Dec., 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge